COURT OF CHANCERY
OF THE
STATE OF DELAWARE

JOHN W. NOBLE
VICE CHANCELLOR

417 SOUTH STATE STREET
DOVER, DELAWARE 19901
TELEPHONE: (302) 739-4397
FACSIMILE: (302) 739-6179

December 31, 2014

R. Bruce McNew, Esquire
Wilks, Lukoff & Bracegirdle, LLC
1300 N. Grant Avenue, Suite 100
Wilmington, DE  19806

David A. Jenkins, Esquire
Smith Katzenstein & Jenkins LLP
800 Delaware Avenue, Suite 1000
Wilmington, DE  19801

Re:   *The Ravenswood Investment Company, L.P. v.*
      *Winmill & Co. Incorporated*
      C.A.  No. 7048-VCN
      Date Submitted:  September 22, 2014

Dear Counsel:

I write to address what I understand, based on your letters of September 22, to be the two continuing topics of dispute regarding a confidentiality agreement to facilitate the implementation of the Court's May 30, 2014, letter opinion.[1]  These issues concern (i) the appropriate scope of confidentiality and (ii) indemnification for losses resulting from violations or alleged violations of federal or state securities laws.

---

[1] *The Ravenswood Inv. Co., L.P. v. Winmill & Co., Inc.*, 2014 WL 2445776 (Del. Ch. May 30, 2014).

Winmill has demonstrated that some confidentiality protection is appropriate.[2] Although the passage of time does not necessarily render confidential treatment unnecessary, it is a starting point for analysis. Materiality of financial information—which is the fundamental issue—lessens as it ages. As with most line drawing efforts, a precisely correct moment in time is difficult to set. One year after the production to Ravenswood[3] (or, if earlier, when it becomes public information) is a reasonable accommodation of the competing interests. Additionally, financial information does not warrant confidential treatment after three years from the date of the document or information.[4]

As for Winmill's request for indemnification against federal and state securities laws claims, the Court understands why Winmill has expressed its concerns, but is not willing to presume that Ravenswood would violate its duties as prescribed by those laws. More fundamentally, conditioning a right provided by

---

[2] Yet, this is something of a problem of Winmill's own creation. Even though it has public shareholders, it treats its financial information as confidential. In most comparable circumstances, the financial information would not be accorded confidential treatment.

[3] No extension of these parameters is justified if Ravenswood properly provides the documents to a third party.

[4] Three, instead of four, years would provide sufficient protection.

*The Ravenswood Investment Company, L.P. v.*
*Winmill & Co. Incorporated*
C.A. No. 7048-VCN
December 31, 2014
Page 3


8 *Del. C.* § 220 upon an unlimited and unrestricted indemnification obligation unduly impairs a shareholder's rights as conferred by Delaware law. Accordingly, the Court will not condition Ravenswood's access to Winmill's books and records upon an indemnification undertaking.

With these comments, I assume that counsel can finalize the Confidentiality and Production Agreement.

Very truly yours,

***/s/ John W. Noble***

JWN/cap
cc:    Register in Chancery-K